Page 1 of 2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES L. JUSTE,
    Plaintiff,

vs.                                Case No. 5:07cv115/RS/EMT

FEDERAL BUREAU OF PRISONS,
    Defendant.
_____/

**O R D E R**

    This cause is before the court upon Plaintiff's filing an "Emergency Petition for Preliminary Injunction [sic] Relief" (Doc. 1). Essentially, Plaintiff is complaining that the Federal Correctional Institution in Marianna, Florida (FCI-Marianna), the institution where Plaintiff is housed, is housing three inmates in cells designed for only two (Doc. 1, attachments).

    The pleading is properly considered a civil rights complaint and request for injunctive relief under 28 U.S.C. § 1331 even though it was not filed on the proper form. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under § 1331 unless the appropriate complaint form is completed. Thus, Plaintiff must file his complaint on the form for use in § 1331 cases, even if he wants to attach separate pages explaining the facts that underlie the complaint. However, Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff

should clearly describe how each named Defendant was involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Finally, it is noted that Plaintiff neither paid the $350.00 filing fee nor filed an application for leave to proceed in forma pauperis with supporting documentation.  Before this case may proceed, the matter of the filing fee must be resolved.

Accordingly, it is **ORDERED**:

1.  The clerk shall change the docket to reflect that the initial filing in this case (Doc. 1) is a civil rights complaint filed pursuant to 28 U.S.C. § 1331.  The clerk is directed to send Plaintiff a complaint form for use by prisoners in cases filed under 28 U.S.C. § 1331, as well as an application to proceed in forma pauperis.  This case number shall be written on the forms.

2.  Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended complaint which shall be typed or clearly written, submitted on the court form, and marked "**Amended Complaint**."  Additionally within that time, Plaintiff shall either:  (1) file a motion to proceed in forma pauperis with the required supporting documentation (that is, a signed prisoner consent form and a certified copy of his trust fund account statement for the six month period immediately preceding the filing of the complaint), or (2) pay the full $350.00 filing fee.

3.  Plaintiff's failure to comply with this order will result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 31st day of May 2007.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**